## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE DEVORAH<br>1330 New Hampshire Avenue N.W.<br>Washington, D.C. 20036,<br><br>       Plaintiff,<br><br>v.<br><br>NEWTON LEROY GINGRICH<br>7410 Windy Hill Court<br>McLean, Virginia 22102-2800,<br><br>THOMAS NELSON, INC.<br>501 Nelson Place<br>Nashville, Tennessee 37214,<br><br>CITIZENS UNITED<br>1006 Pennsylvania Avenue SE<br>Washington, D.C. 20003,<br><br>and<br><br>INTEGRITY MEDIA, INC.<br>1000 Cody Road<br>Mobile, Alabama 36695,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-01934 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   <u>**JURY TRIAL DEMANDED**</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Carrie Devorah brings this Complaint against Defendants Newton Leroy

Gingrich, Thomas Nelson, Inc. ("Thomas Nelson"), Citizens United, and Integrity Media, Inc.

("Integrity Media"), and alleges as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2.      This Court has original subject matter jurisdiction of this action under 28 U.S.C. §
1331 and 1338(a).

3.      This Court has specific personal jurisdiction over Mr. Gingrich pursuant to D.C.
Code § 13-423(a).  Mr. Gingrich has caused tortious injury in the District of Columbia by
infringing Ms. Devorah's copyrights in photographs within this District; Ms. Devorah
resides in the District of Columbia and will suffer the effects of the tortious injury
committed by Mr. Gingrich in this District.  Mr. Gingrich regularly does business in this
District since he is a senior fellow with the American Enterprise Institute, which is
located at 1150 Seventeenth Street N.W., Washington, D.C. 20036, and since he is chief
executive officer of the Gingrich Group, which is located at 1301 K Street N.W., Suite
800 West, Washington, D.C. 20005.

4.      Alternatively, this Court has general personal jurisdiction over Mr. Gingrich,
since Mr. Gingrich has continuous and systematic contacts with the District of Columbia.
Mr. Gingrich works in the District of Columbia as chief executive officer of the Gingrich
Group and as a senior fellow with the American Enterprise Institute, which are located in
the District of Columbia.

5.      This Court has specific personal jurisdiction over Thomas Nelson pursuant to
D.C. Code § 13-423(a).  Thomas Nelson has transacted business in the District of
Columbia by distributing infringing books and media at issue in this matter to retailers
located in the District of Columbia.  In addition, Thomas Nelson has caused tortious
injury in this District by distributing infringing books and media at issue in this matter to
retailers in the District of Columbia.  On information and belief, Thomas Nelson engages
in persistent conduct with the District of Columbia by regularly distributing books and

media to retailers within the District of Columbia.

6.     Alternatively, this Court has general personal jurisdiction over Thomas Nelson. On information and belief, Thomas Nelson conducts continuous and systematic business in this District by regularly distributing books and other media through District of Columbia retailers.

7.     This Court has general personal jurisdiction over Citizens United pursuant to D.C. Code § 13-442 because Citizens United maintains its principal place of business in this District.  Citizens United's corporate headquarters is located at 1006 Pennsylvania Avenue S.E., Washington, D.C. 20003.

8.     This Court has specific personal jurisdiction over Integrity Media pursuant to D.C. Code § 13-423(a).  Integrity Media has transacted business in the District of Columbia by distributing infringing books and media at issue in this matter to retailers located in the District of Columbia.  In addition, Integrity Media has caused tortious injury in this District by distributing infringing books and media at issue in this matter to retailers in the District of Columbia.  On information and belief, Integrity Media engages in persistent conduct with the District of Columbia by regularly distributing musical recordings and other media to retailers within the District of Columbia.

9.     Alternatively, this Court has general personal jurisdiction over Integrity Media. On information and belief, Integrity Media conducts continuous and systematic business in this District by regularly distributing musical recordings and other media through District of Columbia retailers.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this District.  Ms.

Devorah created the copyrighted works at issue in this litigation in this District.  On information and belief, Mr. Gingrich had access to the copyrighted works at issue in this litigation within this District.  Thomas Nelson and Integrity Media distributed unauthorized copies of the copyrighted works at issue in this litigation within this District.  Citizens United's principal place of business lies within this District.  Finally, Ms. Devorah resides within this District, and will feel the impact of the Defendants' infringement within this District.

11.     Venue as to Thomas Nelson, Integrity Media, and Citizens United is also proper in this District pursuant to 28 U.S.C. § 1391(c) because Thomas Nelson, Integrity Media, and Citizens United are subject to personal jurisdiction in this District at the time this Complaint is filed.

### PARTIES

12.     Plaintiff Carrie Devorah is a professional photographer and photojournalist, and regularly receives licensing fees for use of her copyrighted work.  She resides at 1330 New Hampshire Avenue N.W., Washington, D.C. 20036.

13.     On information and belief, Defendant Gingrich is an author, a political and news analyst, the chairman of the communications and consulting firm, the Gingrich Group, and a former United States Representative and Speaker of the House of Representatives.  Mr. Gingrich resides at 7410 Windy Hill Court, McLean, Virginia 22102-2800.

14.     On information and belief, Defendant Thomas Nelson, whose corporate headquarters is located at 501 Nelson Place, Nashville, Tennessee 37214, is a privately-owned company that publishes inspirational and religious books and media, including books and media authored by Mr. Gingrich.  In conjunction with these activities, Thomas

Nelson distributes books and media to retailers in the District of Columbia. Thomas Nelson has published Mr. Gingrich's books, including the infringing books, under its own name, as well as under its imprint, Integrity Publishers. Thomas Nelson acquired Integrity on September 28, 2006 from Integrity Media.

15.    On information and belief, Defendant Integrity Media, whose corporate headquarters is located at 1000 Cody Road, Mobile, Alabama 36695, is a privately-owned company that publishes inspirational and religious music and media. In conjunction with these activities, Integrity Media distributes music and media to retailers in the District of Columbia. Until September 28, 2006, Integrity Media owned Integrity Publishers.

16.    On information and belief, Defendant Citizens United, a Virginia non-profit corporation whose corporate headquarters is located at 1006 Pennsylvania Avenue, S.E., Washington, D.C. 20003, is a political advocacy group that produces books, DVDs, and other media. In conjunction with these activities, Citizens United distributes books and media to retailers in the District of Columbia. Along with Mr. Gingrich, Citizens United produced the infringing DVD, *Rediscovering God in America* ("the *RGIA* DVD").

## FACTUAL ALLEGATIONS

**A.    Plaintiff's Ownership of Copyright**

17.    Ms. Devorah is the photographer, author, and copyright owner of *God in the Temples of Government*, a collection of photographs wherein each photograph constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.* Ms. Devorah has complied in all respects with the provisions of the Copyright Act, and has registered *God in the Temples of Government* with the United States Copyright Office, registration number VA 1-683-305. The copyright registration certificate identifies Ms.

Devorah as the author of *God in the Temples of Government*. The effective date of registration is August 31, 2007. A copy of the copyright registration certificate is attached as Exhibit 1.

18.     At all times relevant to the allegations in this Complaint, Ms. Devorah has been and remains the copyright owner of all photographs contained in *God in the Temples of Government*. Ms. Devorah has never assigned the copyright in *God in the Temples of Government*, or in any of the photographs contained in that collective work, to any other entity.

19.     Among the copyrighted photographs included in *God in the Temples of Government* are the following photographs (collectively, "the Copyrighted Photographs"):



**The Ten Commandments in the floor of the**
**National Archives ("The Ten Commandments")**



**Moses with the Ten Commandments**
**inside the Supreme Court ("Moses")**



**Moses with the Ten Commandments;
rotunda of the Library of Congress
("Moses with the Ten Commandments")**



**"Liberty of Worship" outside the Ronald
Reagan Building ("Liberty of Worship")**



**The Adams Prayer Mantel in the
White House ("Adams Prayer Mantel")**

Each of the captions appearing below these Copyrighted Photographs, as well as the title,

"God in the Temples of Government," constitutes copyright management information, as

that term is defined in 17 U.S.C. § 1202(c).

20.     *God in the Temples of Government*, including all of the Copyrighted Photographs,

was first published on November 24, 2003 in the periodical, HUMAN EVENTS.  A copy of

excerpts from this first publication is attached as Exhibit 2.

21.     The print and online editions of HUMAN EVENTS identified Ms. Devorah as the author of the Copyrighted Photographs.  Specifically, the online edition of HUMAN EVENTS conveyed copyright management information, in the form of Ms. Devorah's name and the title, *God in the Temples of Government*, in connection with the Copyrighted Photographs.  Subsequently, the Wall Street Journal published *God in the Temples of Government* as well, again crediting Ms. Devorah as the author of the Copyrighted Photographs.

22.     HUMAN EVENTS also produced a poster containing many of Ms. Devorah's Copyrighted Photographs identified in Paragraph 19.  This poster also conveyed copyright management information in the form of the title, *God in the Temples of Government*, and identifying information for each of the Copyrighted Photographs.  A reproduction of this poster is attached as Exhibit 3.

**B.      Mr. Gingrich's Acts of Infringement**

23.     On information and belief, between November 24, 2003 and October 10, 2006, Mr. Gingrich authored the book, *Rediscovering God in America* ("*RGIA*").  *RGIA* contains unauthorized copies of five of the Copyrighted Photographs: the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship: *RGIA*, and the Adams Prayer Mantel.  Excerpts from *RGIA* are attached as Exhibit 4.

24.     On information and belief, Mr. Gingrich is the executive producer of the *RGIA* DVD, which was released on November 27, 2007.  The *RGIA* DVD contains unauthorized copies of two of the Copyrighted Photographs: the Ten Commandments and Adams Prayer Mantel.

25.     Ms. Devorah did not authorize Mr. Gingrich (or Thomas Nelson, Integrity Media, or Citizens United, as discussed below) to reproduce or copy the Copyrighted

Photographs.

26.     Mr. Gingrich knew or should have known that *RGIA* and the *RGIA* DVD

contained unauthorized reproductions or copies of the Copyrighted Photographs.  For

example, Mr. Gingrich writes a weekly column for HUMAN EVENTS that has been

published on the HUMAN EVENTS website since at least April 2006.  The Copyrighted

Photographs have appeared on the HUMAN EVENTS website since 2003.  In addition, Mr.

Gingrich has authored several books published by Regnery Publishing, Inc. ("Regnery"),

a sister company of HUMAN EVENTS; Regnery and HUMAN EVENTS are owned by Eagle

Publishing, Inc., and all three entities are found in Eagle Publishing, Inc.'s offices at One

Massachusetts Avenue N.W., Washington, D.C. 20001.  Finally, in 2005, Ms. Devorah

met with Kathy Lubbers, Mr. Gingrich's daughter and president of Gingrich

Communications, Inc.  Ms. Devorah showed Ms. Lubbers a number of her photographs,

including the Copyrighted Photographs.  In contemporaneous email correspondence with

Ms. Lubbers, Ms. Devorah directed her to the publication of *God in the Temples of

Government* appearing on the HUMAN EVENTS website.

27.     Upon information and belief, Mr. Gingrich knowingly induced, caused, materially

contributed to, and participated in the infringement of the Copyrighted Photographs, in

part, by providing *RGIA*, containing unauthorized copies of the Copyrighted

Photographs, to Integrity Publishing for publication, and through his role as executive

producer of the *RGIA* DVD.

28.     Upon information and belief, as the author of *RGIA* and executive producer of the

*RGIA* DVD, Mr. Gingrich had the right and ability to control the reproduction and

distribution of the infringing works.

29.     Upon information and belief, Mr. Gingrich received a direct financial and economic benefit from sales of the infringing works through, for example, royalties for sales of infringing works and media exposure and publicity.

**C.     Thomas Nelson's Acts of Infringement**

30.     On or around September 28, 2006, Thomas Nelson acquired Integrity from Integrity Media, Inc, and took over the day-to-day management and control of its publications.[1]  As part of the acquisition, Byrón Williamson, Integrity's chief executive officer and founder, became an executive vice president for strategic development at Thomas Nelson.[2]  In addition, a number of Integrity's officers began reporting directly to Thomas Nelson officers, including to Chief Publishing Officer and Executive Vice President Tamara Heim.[3]  Immediately after acquiring Integrity, Thomas Nelson announced that it would begin to phase out its separate imprints – including Integrity – and would reorganize its publishing units.  Thomas Nelson ceased using the Integrity name by April 2007.[4]

31.     On and after October 10, 2006, Thomas Nelson, through its newly-acquired, wholly-owned imprint, Integrity Publishers, infringed Ms. Devorah's copyrights in the Copyrighted Photographs by publishing and placing on the market *RGIA*, which featured unauthorized reproductions of the Copyrighted Photographs.  *RGIA* contains images that are identical or substantially similar to the Copyrighted Photographs on the following

---

[1] *See* http://www.thomasnelson.com/consumer/dept.asp?dept_id=1118081.

[2] *Id.*

[3] *Id.*

[4] *See* Lynn Garrett, *In Radical Reorg, Nelson to Drop Imprints*, Publishers Weekly, Oct. 17, 2006, available online at: http://www.publishersweekly.com/article/CA6381916.html.

pages:

- The Ten Commandments: *RGIA*, p. 144

- Moses: *RGIA*, p. 154 (detail)

- Moses with the Ten Commandments: *RGIA*, p. 155

- Liberty of Worship: *RGIA*, p. 156

- The Adams Prayer Mantel: *RGIA*, p. 157

32.     Subsequently, Thomas Nelson published other editions of *RGIA* under its own name that continued to infringe Ms. Devorah's copyrights.  Specifically, Thomas Nelson published and placed on the market the Spanish-language version of *RGIA*, entitled *Descubra la fe de una nación* ("*Descubra la fe*"), on October 2, 2007.  *Descubra la fe* contains unauthorized reproductions or copies of the Copyrighted Photographs on the following pages:

- The Ten Commandments: *Descubra la fe*, p. 142

- Moses: *Descubra la fe*, p. 152 (detail)

- Moses with the Ten Commandments: *Descubra la fe*, p. 153

- Liberty of Worship: *Descubra la fe*, p. 154

- The Adams Prayer Mantel: *Descubra la fe*, p. 155

Excerpts from *Descubra la fe* are attached as Exhibit 5.  Exhibit 6 contains a side-by-side comparison of the Copyrighted Photographs taken from the HUMAN EVENTS publication and excerpts from *Descubra la fe*.

33.     By 2005, prior to the publication of *RGIA*, Thomas Nelson knew or had reason to know that Ms. Devorah owned the copyrights to the Copyrighted Photographs.  In 2004 and 2005, Ms. Devorah corresponded with employees of Thomas Nelson with respect to

a book proposal based on *God in the Temples of Government*, and submitted the poster of

*God in the Temples of Government* produced by HUMAN EVENTS to Thomas Nelson.

Thomas Nelson's employees reviewed this poster and returned it to Ms. Devorah.

34.     Thomas Nelson has and had the right and ability to control the unauthorized

reproduction and distribution to the public of the Copyrighted Photographs.  Thomas

Nelson acquired Integrity prior to the publication of *RGIA* and its officers oversaw

Integrity's affairs.  Moreover, after acquiring Integrity, Thomas Nelson immediately

announced its intention to cease publishing books under the Integrity imprint.  In

addition, Thomas Nelson published and distributed to the public *Descubra la fe*.

35.     Upon information and belief, Thomas Nelson has received, and continues to

receive, revenue from sales of the infringing works, *RGIA* and *Descubra la fe*.

36.     The copies of the Copyrighted Photographs contained in *RGIA* and *Descubra la fe*

omit copyright management information in the form of Ms. Devorah's name and the title

of the work, *God in the Temples of Government*, and the titles of the Copyrighted

Photographs.  Instead, the copies of the Copyrighted Photographs contained in *RGIA* and

*Descubra la fe* featured altered copyright management information, falsely identifying

the Copyrighted Photographs as "PD-USGov" and "PD-Art," designations used to

indicate that photographs are in the public domain, and therefore may be copied without

authority or approval from the author, Ms. Devorah.

37.     Upon information and belief, Thomas Nelson knew or had reason to know that

copyright management information had been removed from the Copyrighted Photographs

and altered without Ms. Devorah's authority because, for example, Ms. Devorah had

previously sent Thomas Nelson the poster produced by HUMAN EVENTS that conveyed

copyright management information, and because Thomas Nelson's employees viewed this poster.

38.     Upon information and belief, Thomas Nelson distributed *RGIA* and *Descubra la fe* to the public.

39.     Upon information and belief, Thomas Nelson knew, or had reasonable grounds to know, that its distribution of *RGIA* and *Descubra la fe* will induce, enable, facilitate, and/or conceal infringement of Ms. Devorah's rights under Title 17 of the United States Code, because it knew, or had reasonable grounds to know, that *RGIA* and *Descrubra la fe* falsely indicate that the Copyrighted Photographs are public domain works that may be freely copied.

**D.     Integrity Media's Acts of Infringement**

40.     Upon information and belief, prior to the sale of Integrity Publishers to Thomas Nelson, Integrity Media oversaw the publication, the selection and arrangement of photographs and artwork, and the distribution of *RGIA*.

41.     In conjunction with its selection and arrangement of photographs and artwork, Integrity Media copied or reproduced the Copyrighted Photographs.

42.     Integrity Media did not have authorization from Ms. Devorah to reproduce, copy, or distribute the Copyrighted Photographs.

43.     On information and belief, Integrity Media had access to the Copyrighted Photographs prior to the publication, the selection and arrangement of photographs and artwork, and the distribution of *RGIA*.

**E.     Citizens United's Acts of Infringement**

44.     On November 27, 2007, Citizens United infringed Ms. Devorah's copyrights in the Copyrighted Photographs by publishing and placing on the market the *RGIA* DVD,

which featured unauthorized reproductions or copies of the Copyrighted Photographs. The *RGIA* DVD contains images that are identical or substantially similar to the Copyrighted Photographs at the following times:

- The Ten Commandments: Chapter 2, 0:09:26

- The Adams Prayer Mantel: Chapter 10, 0:42:53

Images captured from the *RGIA* DVD are attached as Exhibit 7.

45.     Citizens United did not have authorization from Ms. Devorah to reproduce, copy, or distribute the Copyrighted Photographs.

**F.     Ms. Devorah's Discovery and Notice to Mr. Gingrich and Thomas Nelson of the Infringement**

46.     Ms. Devorah first discovered the Defendants' infringement of the Copyrighted Photographs on or around October 24, 2006, after an employee of Eagle Publishing, Inc. alerted her to the publication of *RGIA*.

47.     Ms. Devorah notified Mr. Gingrich and Thomas Nelson that *RGIA* infringed her copyrights in the Copyrighted Photographs on November 20, 2006.  Despite this notice, Mr. Gingrich subsequently served as the executive producer for the *RGIA* DVD, and Thomas Nelson continued to distribute *RGIA* and subsequently published and distributed *Descubra la fe*.


**FIRST CLAIM FOR RELIEF**

**(DIRECT COPYRIGHT INFRINGEMENT)**

**(Against Mr. Gingrich, Thomas Nelson, and Integrity Media)**

48.     Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 47 above as if fully set forth herein.

- 14 -

49.     The photographs appearing on pages 144, 154, 155, 156, and 157 of *RGIA* are identical or substantially similar to the Copyrighted Photographs.

50.     Mr. Gingrich, Thomas Nelson, and Integrity Media had access to the Copyrighted Photographs prior to the publication of *RGIA*.

51.     Mr. Gingrich's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

52.     Thomas Nelson's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

53.     Integrity Media's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

54.     Mr. Gingrich's and Thomas Nelson's conduct has been and continues to be intentional, willful, and with full knowledge of Ms. Devorah's copyright interests and infringement thereof.

55.     The foregoing acts by Mr. Gingrich and Thomas Nelson constitute willful, direct

infringement of Ms. Devorah's exclusive rights in the Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

56.     The foregoing acts by Integrity Media constitute direct infringement of Ms. Devorah's exclusive rights in the Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

57.     In violation of Ms. Devorah's exclusive rights under 17 U.S.C. § 106, and pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Mr. Gingrich's, Thomas Nelson's, and Integrity Media's infringement of Ms. Devorah's exclusive rights, Ms. Devorah is entitled to recover her actual damages, including Mr. Gingrich's, Thomas Nelson's, and Integrity Media's profits from infringement, as will be proven at trial.

58.     Mr. Gingrich and Thomas Nelson are causing and, unless enjoined by the Court, will continue to cause, Ms. Devorah irreparable harm for which she has no adequate remedy at law.

59.     Ms. Devorah is further entitled to her full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.


## SECOND CLAIM FOR RELIEF

## (DIRECT COPYRIGHT INFRINGEMENT)

### (Against Mr. Gingrich and Thomas Nelson)

60.     Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 59 above as if fully set forth herein.

61.     The photographs appearing on pages 142, 152, 153, 154, and 155 of *Descubra la fe* are identical or substantially similar to the Copyrighted Photographs.

62.     Mr. Gingrich and Thomas Nelson had access to the Copyrighted Photographs prior to the publication of *Descubra la fe*.

63.     Mr. Gingrich's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

64.     Thomas Nelson's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

65.     Mr. Gingrich's and Thomas Nelson's conduct has been and continues to be intentional, willful, and with full knowledge of Ms. Devorah's copyright interests and infringement thereof.

66.     The foregoing acts by Mr. Gingrich and Thomas Nelson constitute willful, direct infringement of Ms. Devorah's exclusive rights in the Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

67.     In violation of Ms. Devorah's exclusive rights under 17 U.S.C. § 106, and pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Mr. Gingrich's and

Thomas Nelson's infringement of Ms. Devorah's exclusive rights, Ms. Devorah is entitled to recover statutory damages of up to $150,000 for each work infringed. Alternatively, at Ms. Devorah's election, pursuant to 17 U.S.C. § 504(b), Ms. Devorah shall be entitled to her actual damages, including Mr. Gingrich's and Thomas Nelson's profits from infringement, as will be proven at trial.

68.     Mr. Gingrich, Thomas Nelson, and Citizens United are causing and, unless enjoined by the Court, will continue to cause, Ms. Devorah irreparable harm for which she has no adequate remedy at law.

69.     Ms. Devorah is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## THIRD CLAIM FOR RELIEF

## (DIRECT COPYRIGHT INFRINGEMENT)

### (Against Mr. Gingrich and Citizens United)

70.     Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 69 above as if fully set forth herein.

71.     The images appearing at minutes 0:09:26 and 0:42:53 of the *RGIA* DVD are identical or substantially similar to the Copyrighted Photographs, the Ten Commandments and the Adams Prayer Mantel, respectively.

72.     Mr. Gingrich's unauthorized reproductions of Ms. Devorah's copyrighted photographs – the Ten Commandments and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

73.     Citizens United's unauthorized reproductions of Ms. Devorah's copyrighted photographs– the Ten Commandments and the Adams Prayer Mantel – each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

74.     Mr. Gingrich's conduct has been and continues to be intentional, willful, and with full knowledge of Ms. Devorah's copyright interests and infringement thereof.

75.     The foregoing acts by Mr. Gingrich constitute willful, direct infringement of Ms. Devorah's exclusive rights in the Copyrighted Photographs, the Ten Commandments and the Adams Prayer Mantel.

76.     The foregoing acts by Citizens United constitute direct infringement of Ms. Deovrah's exclusive rights in the Copyrighted Photographs, the Ten Commandments and the Adams Prayer Mantel.

77.     In violation of Ms. Devorah's exclusive rights under 17 U.S.C. § 106, and pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Mr. Gingrich's and Citizens United's infringement of Ms. Devorah's exclusive rights, Ms. Devorah is entitled to recover statutory damages of up to $150,000 for each work infringed. Alternatively, at Ms. Devorah's election, pursuant to 17 U.S.C. § 504(b), Ms. Devorah shall be entitled to her actual damages, including Mr. Gingrich's and Citizens United's profits from infringement, as will be proven at trial.

78.     Mr. Gingrich and Citizens United are causing and, unless enjoined by the Court, will continue to cause, Ms. Devorah irreparable harm for which she has no adequate remedy at law.

79.     Ms. Devorah is further entitled to her attorneys' fees and full costs pursuant to 17

- 19 -

U.S.C. § 505, and prejudgment interest according to law.

### FOURTH CLAIM FOR RELIEF

### (CONTRIBUTORY COPYRIGHT INFRINGEMENT)

#### (Against Mr. Gingrich)

80.    Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 79 above as if fully set forth herein.

81.    Through his conduct alleged herein, Mr. Gingrich knowingly and systematically induced, caused, materially contributed to, and participated in the infringement of Ms. Devorah's copyrighted photographs, Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

82.    The unauthorized reproduction and distribution of the Copyrighted Photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel –  each constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

83.    Mr. Gingrich's conduct has been and continues to be intentional, willful, and with full knowledge of Ms. Devorah's copyright interests and infringement thereof.

84.    The foregoing acts by Mr. Gingrich constitute willful, contributory infringement of Ms. Devorah's exclusive rights in the Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

85.    In violation of Ms. Devorah's exclusive rights under 17 U.S.C. § 106, and pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Mr. Gingrich's

contributory infringement of Ms. Devorah's exclusive rights, Ms. Devorah is entitled to recover statutory damages of up to $150,000 for each work infringed.  Alternatively, at Ms. Devorah's election, pursuant to 17 U.S.C. § 504(b), Ms. Devorah shall be entitled to her actual damages, including Mr. Gingrich's and Thomas Nelson's profits from infringement, as will be proven at trial.

86.     Mr. Gingrich is causing and, unless enjoined by the Court, will continue to cause, Ms. Devorah irreparable harm for which she has no adequate remedy at law.

87.     Ms. Devorah is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## FIFTH CLAIM FOR RELIEF

## (VICARIOUS COPYRIGHT INFRINGEMENT)

### (Against Mr. Gingrich, Thomas Nelson, and Citizens United)

88.     Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 87 above as if fully set forth herein.

89.     On information and belief, Mr. Gingrich has and had the right and ability to control the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

90.     On information and belief, Mr. Gingrich received a direct financial and economic benefit from the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel, by, among

other things, receiving a share of the profits associated with *RGIA* and *Descubra la fe*.

91.     On information and belief, Thomas Nelson has and had the right and ability to control the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

92.     On information and belief, Thomas Nelson received a direct financial and economic benefit from the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel, by, among other things, receiving a share of the profits associated with *RGIA* and *Descubra la fe*.

93.     On information and belief, Citizens United has and had the right and ability to control the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, the Ten Commandments and the Adams Prayer Mantel.

94.     On information and belief, Citizens United received a direct financial and economic benefit from the unauthorized reproduction and distribution to the public of Ms. Devorah's Copyrighted Photographs, Ten Commandments and the Adams Prayer Mantel, by, among other things, receiving a share of the profits associated with the *RGIA* DVD.

95.     Each unauthorized reproduction and distribution of the Copyrighted Photographs – the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel – constitutes a separate act of infringement of Ms. Devorah's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

96.     Mr. Gingrich's and Thomas Nelson's conduct has been and continues to be

intentional, willful, and with full knowledge of Ms. Devorah's copyright interests and infringement thereof.

97.     The foregoing acts by Mr. Gingrich and Thomas Nelson constitute willful, vicarious infringement of Ms. Devorah's exclusive rights in the Ten Commandments, Moses, Moses with the Ten Commandments, Liberty of Worship, and the Adams Prayer Mantel.

98.     The foregoing acts by Citizens United constitute vicarious infringement Ms. Devorah's exclusive rights in the Ten Commandments and the Adams Prayer Mantel.

99.     In violation of Ms. Devorah's exclusive rights under 17 U.S.C. § 106, and pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Mr. Gingrich's, Thomas Nelson's, and Citizens United's vicarious infringement of Ms. Devorah's exclusive rights, Ms. Devorah is entitled to recover statutory damages of up to $150,000 for each work infringed.  Alternatively, at Ms. Devorah's election, pursuant to 17 U.S.C. § 504(b), Ms. Devorah shall be entitled to her actual damages, including Mr. Gingrich's, Thomas Nelson's, and Citizens United's profits from infringement, as will be proven at trial.

100.    Mr. Gingrich, Thomas Nelson, and Citizens United are causing and, unless enjoined by the Court, will continue to cause, Ms. Devorah irreparable harm for which she has no adequate remedy at law.

101.    Ms. Devorah is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## SIXTH CLAIM FOR RELIEF

## (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT)

### (Against Thomas Nelson)

102.    Ms. Devorah repeats and realleges each and every allegation set forth in paragraphs 1 to 101 above as if fully set forth herein.

103.    Thomas Nelson violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b), by distributing copies of the Copyrighted Photographs knowing that copyright management information had been removed and/or altered without Ms. Devorah's authority, while knowing, or having reason to know, that such removal and/or alteration will induce, enable, facilitate, and/or conceal an infringement of Ms. Devorah's rights under Title 17 of the United States Code.

104.    Each distribution of any one of the Copyrighted Photographs from which copyright management information was removed and/or altered without Ms. Devorah's authority constitutes a separate violation of 17 U.S.C. § 1202(b).

105.    Pursuant to 17 U.S.C. § 1203(c)(3), Ms. Devorah is entitled to recover statutory damages of not less than $2,500 and not more than $25,000 for each violation, as will be proven at trial.

106.    Pursuant to 17 U.S.C. § 1203(b), Ms. Devorah is entitled to temporary and permanent injunctions to restrain Thomas Nelson's violations of § 1202(b).


## PRAYER FOR RELIEF

WHEREFORE, Ms. Devorah prays for relief as follows:

1.    For a preliminary and permanent injunction against Mr. Gingrich, Thomas

Nelson, and Citizens United and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

    a.   enjoining them from all further infringing conduct in connection with the Copyrighted Photographs; and

    b.   enjoining them from all further infringement of any copyrighted photographs owned or controlled by Ms. Devorah.

    c.   enjoining them from all further distribution of copies of the Copyrighted Photographs that omit copyright management information or feature copyrighte management information that has been altered without Ms. Devorah's authority, including Ms. Devorah's name and the title, *God in the Temples of Government*.

2.    For an award of statutory damages pursuant to the Copyright Act in the amount of $150,000 for each act of willful infringement of any one of the Copyrighted Photographs or, at Ms. Devorah's election, actual damages, including licensing fees or reasonable royalties, and profits as permitted under the Copyright Act, in an amount to be determined at trial;

3.    For an award of statutory damages pursuant to the Digital Millennium Copyright Act in the amount of $25,000 for each violation of 17 U.S.C. § 1202.

4.    For prejudgment interest according to law;

5.    For an order awarding Ms. Devorah her attorneys' fees, together with the costs and disbursements of this action; and

6.    For such other relief as the Court deems just and proper.

## JURY DEMAND

Ms. Devorah hereby demands a trial by jury on all issues so triable.

Dated: December 7, 2009

By: _____
John P. Corrado, Bar No. 380948
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue NW
Suite 6000
Washington, D.C. 20006
Telephone:   202.887.1500
Facsimile:   202.887.5125
jcorrado@mofo.com

*Attorney for Plaintiff Carrie Devorah*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 7th day of December 2009, a true and correct copy of the

**FIRST AMENDED COMPLAINT**, as filed with the Court via electronic mail in accordance

with the Court's ECF rules, was served via electronic mail and first-class U.S. Mail postage

prepaid, on the following:

> Conrad M. Shumadine
> WILLCOX & SAVAGE, P.C.
> One Commercial Place, Suite 1800
> Norfolk, Virginia 23510
> cshumadine@wilsav.com
>
> Robert D. Balin
> DAVIS, WRIGHT, TREMAINE LLP
> 1633 Broadway
> 27th Floor
> New York, New York 10019-6708
> robbalin@dwt.com
>
> Scott P. Amy
> ALSTON & BIRD LLP
> One Atlantic Center
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> scott.amy@alston.com

Dated: December 7, 2009

By: _____
John F. Corrado, Bar No. 380948
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue NW
Suite 6000
Washington, D.C. 20006
Telephone:   202.887.1500
Facsimile:    202.887.5125
jcorrado@mofo.com

*Attorney for Plaintiff Carrie Devorah*