# Exhibit 2

# Page ★ 3

# Supremes: Do as We Say, Not as We Do

The Supreme Court closed its session last week in a burst of contradiction and hypocrisy.

In one case, it ruled 5-4 that Texas could display the Ten Commandments on the state Capitol grounds. In another, it ruled 5-4 that two Kentucky counties could not display the Ten Commandments in their courthouses.

Writing for the majority in the latter case, Justice David Souter said that displaying the Commandments in Kentucky courthouses violates "the principle that the '1st Amendment mandates government neutrality . . . between religion and non-religion.'"

The 1st Amendment, of course, reflects no such principle. It merely prohibits Congress from making any law "respecting an establishment of religion." A Kentucky county, of course, is not "Congress." Displaying the Ten Commandment does not "establish" a religion.

Yet, Souter's opinion was not only radically unconstitutional, it was also flagrantly hypocritical.

As revealed by the photographs here, the Supreme Court itself prominently displays the Ten Commandments in three places. First, it displays the Commandments on its chamber doors. Secondly, it displays the Commandments in its atrium. Thirdly, it displays the Commandments on the exterior frieze of its building.

Souter and his four liberal accomplices—J.P. Stevens, Stephen Breyer, Ruth Ginsburg and Sandra Day O'Connor—did not order these displays of the Ten Commandments taken down.

Neither the language of the Constitution nor the historical practices of the court itself made any difference to these justices. Their message: Do as we say, not as we do. ■



"The Ten Commandments have profoundly influenced the formation of Western legal thought and the formation of our country. That influence is clearly seen in the Declaration of Independence, which declared that, 'We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain inalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.' The Ten Commandments provide the moral background of the Declaration of Independence and the foundation of our legal system."

—Plaque on the Ten Commandments display in McCreary and Pulaski counties, Ky., which the Supreme Court ruled unconstitutional

All photos by Carrie Devorah

The Ten Commandments are displayed in three places at the Supreme Court. Moses appears with the Commandments in the court's atrium (top) and on the frieze on the rear facade of the courthouse (middle). The Commandments are also carved on the doors of the court's chamber (bottom).

A poster of "God in the Temples of Government," featuring photos of the Supreme Court and other buildings in Washington, D.C., can be purchased at HEBookService.com

"What distinguishes the rule of law from the dictatorship of a shifting Supreme Court majority is the absolutely indispensable requirement that judicial opinions be grounded in consistently applied principle. That is what prevents judges from ruling now this way, now that—thumbs up or thumbs down—as their personal preferences dictate. Today's opinion forthrightly (or actually, somewhat less than forthrightly) admits that it does not rest upon consistently applied principle."

—Justice Antonin Scalia, dissenting from the court's opinion in the Kentucky Ten Commandments case

Photo
**Human Events**
Special

# God in the Temples of Government II













As a follow-up to her first project on religious images in Washington, D.C., public buildings (see HUMAN EVENTS, Nov. 24, 2003, page 20), HE intern and photojournalist Carrie Devorah took more pictures of religious images and also gathered three U.S. stamps with religious themes. Will the courts eventually outlaw these images, as they have other religious symbols such as former Alabama Chief Justice Roy Moore's Ten Commandments monument? If not, why not?

(1) Jesuit Father James Marquette in the U.S. Capitol; (2) Inscription inside the Washington Monument; (3) Sculpture in front of the U.S. district court building; (4) Image called "Religion" in the U.S. Capitol; (5) Carving of Ten Commandments on doors of the U.S. Supreme Court; (6) Charlemagne inside U.S. Supreme Court; (7) Muhammad inside U.S. Supreme Court; (8) Painting in U.S. Capitol of Pocahontas' baptism; (9) Three U.S. stamps commemorating holidays; (10) Discovery of the Mississippi River by Hernando De Soto in the U.S. Capitol; (11) Christmas tree in the Library of Congress with detail of one of its ornaments.





**Photo Human Events Special**

# God in the Temples of Government

On November 13, the Alabama Court of the Judiciary ordered the removal of Alabama Chief Justice Roy Moore from his post. The decision resulted from Moore's refusal to obey what he considered a tyrannical order from a federal judge commanding him to remove a stone monument of the Ten Commandments from the rotunda of the Alabama supreme court building.

The federal court, which was not overruled because the Supreme Court refused to consider Moore's appeal, insisted that the state of Alabama could not acknowledge God by displaying a religiously-based representation, even though the Alabama constitution says, "We, the people of the State of Alabama, in order to establish justice, insure domestic tranquility, and secure the blessings of liberty to ourselves and our posterity, invoking the favor and guidance of Almighty God, do ordain and establish the following Constitution and form of government for the State of Alabama."

HUMAN EVENTS intern and photojournalist Carrie Devorah went to federal government buildings in the District of Columbia and photographed some of the many religious and religiously inspired items in those buildings. In addition, she obtained a picture from the White House of the Adams Prayer Mantel. These pictures are a small sampling of the many religious images scattered throughout government buildings in D.C. and around the country.

Will all of these images eventually be removed by the order of unrestrained federal judges?

Will the Alabama state constitution—the current version of which was adopted over 100 years ago, in 1901—have to be revised? More important, will Congress and the President act to restrict federal courts' jurisdiction over such matters, as the U.S. Constitution explicitly gives them the authority to do, before it is too late?

*All photos except where noted by Carrie Devorah*





**Top left:** Moses on the rear facade of the U.S. Supreme Court.
**Middle left:** Moses with the Ten Commandments inside the Supreme Court's courtroom.
**Bottom left:** "Liberty of Worship" statute resting on the Ten Commandments outside the Ronald Reagan Building.
**Top right:** Moses with the Ten Commandments in the rotunda of the Library of Congress.
**Bottom left:** The Ten Commandments in the floor of the National Archives.
**Bottom right:** The Adams Prayer Mantel in the White House.

*Photo Courtesy of the White House*








Clockwise from top left: Painting called "Knowledge" in the North Hall of the Library of Congress; An excerpt from Virginia's Statute of Religious Freedom, authored by Thomas Jefferson, on the wall of the Jefferson Memorial; "De Soto's Burial in the Mississippi River" in the rotunda of the U.S. Capitol; A phrase from Lord Tennyson in the rotunda of the Library of Congress; A memorial plaque from the Free Press Methodist Episcopal Church inside the Washington Monument; An excerpt from Abraham Lincoln's second inaugural speech carved into the interior of the Lincoln Memorial; A painting of the Roman goddess of war in the Senate side of the U.S. Capitol; A stained glass window of George Washington praying, in the chapel in the U.S. Capitol.

The images on these two pages are of the sort that federal courts have increasingly ruled "unconstitutional" for decades. If the American Civil Liberties Union (ACLU) or some other plaintiff decides to sue to remove any or all of these images, what would be the result? If the courts are consistent, these images—and countless more like them—could be removed by a judicial elite hostile to all forms of religious expression in public.